*162 DECISION
AMANDA L. ROCKMAN, Associate Judge.
INTRODUCTION
The Court must determine whether to uphold the findings and recommendations of the Ho-Chunk Nation Committee on Tribal Enrollment (hereinafter Tribal Enrollment Committee or Committee). The Court declines to affirm the findings and recommendations of the Tribal Enrollment Committee. The analysis of the Court follows below.
PROCEDURAL HISTORY
The plaintiff, Jenna Littlegeorge, by and through her attorney James C. Ritland, initiated the current action by filing a December 15, 2009 Complaint for Temporary Restraining Order and Permanent Injunction in case number CV 09-100. However, the plaintiff did not articulate the four (4) prong test for in-junctive relief within the initial pleading or an accompanying motion.[1] Therefore, the *163 Court did not convene a hearing to determine the appropriateness of issuing a preliminary injunction. The Court instead issued a Summons on the same date. The defendants filed a timely Answer on January 4, 2010.
Simultaneously, the petitioner, Jenna Littlegeorge, by and through her attorney James C. Ritland, initiated another action by filing a timely Petition for Administrative Review (hereinafter Petition) with the Court on February 4, 2010, identified by case number CV 10-13. The Court convened a scheduling hearing on March 5, 2010, at 11:00 a.m, CST. At that time, the parties agreed to consolidate the matters. See HCN R. Civ. P. 47(A). Also on March 5, 2010, the Court entered the Scheduling Order, setting forth the timelines and procedures to which the parties should adhere during the pendency of the appeal.[2]
On March 15, 2010, the petitioner filed a Motion, for Stay Pending Appeal, asking the Court to stay the Tribal Enrollment Committee proceedings pending the outcome of the current action. Mot. For Stay Pending Appeal (Mar. 15, 2010) at 1.[3] The petitioner filed a timely Plaintiffs Brief on April 6, 2010. HCN R. Civ. P. 63(E). On April 6, 2010, the respondent filed an Administrative Record, followed by an April 14, 2010 filing of Official Exhibits. Id., Rule 63(D). The respondent filed an untimely Respondent’s Brief in Opposition to Petitioner’s Appeal on May 21, 2010. Id., *164 Rule 63(E). The petitioner did not file a Reply Brief Id.
The Court heard Oro! Arguments on June 9, 2010, at 3:00 p.m. CDT. The following parties were present: Jenna Littleg-eorge (via telephone), petitioner; Attorney James C. Ritland appearing for the petitioner; and HCN Department of Justice Attorney Wendi Ann Huling appearing for the HCN Office of Enrollment.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Sec. 3. Re-enrollment by General Council.
Any person of at least one-fourth (1/4) Ho-Chunk blood who has relinquished membership under Section 2 of this Article may be re-enrolled into membership by a two-thirds (2/3) vote of the General Council, provided, that such individual is not an enrolled member of any other Indian Nation.
Sec. 5. Membership Code.
The Legislature shall have the power to enact laws not inconsistent with this Article to govern membership. Removal of any person who is not eligible for membership from the Membership Roll shall be done in accordance with the Membership Code, provided, that such removal is approved by at least two-thirds (2/3) vote of the General Council.
Sec. 6. Appeals
Any person who has been rejected for enrollment or who has been removed from the Membership Roll shall have the right to appeal to the Judiciary for a remedy in equity consistent with this Constitution.
Art. IV—General Council
Sec. 2. Delegation of Authority. The General Council hereby authorizes the legislative branch to make laws and appropriate funds in accordance with Article V. The General Council hereby authorizes the executive branch to enforce the laws and administer funds in accordance with Article VI. The General Council hereby authorizes the judicial branch to interpret and apply the laws and Constitution of the Nation in accordance with Article VII.
Sec. 3. Powers Retained by the General Council.
(f) Actions by the General Council shall be binding.
Art. V—Legislature
Sec. 2. Powers of the Legislature. The Legislature shall have the power;
(a) To make laws, including codes, ordinances, resolutions, and statutes;
Sec. 3. Codes. The Legislature shall adopt Codes governing Membership, Open Meetings, Elections, Ethics including conflicts of interest, nepotism, and the conduct of all elected and appointed officials and employees, and other Codes as deemed necessary.
Art. VII—Judiciary
Sec. 5. Jurisdiction of the Judiciary
(a) The Trial Court shall have original jurisdiction over all cases and controversies, both criminal and civil, in law or in equity, arising under the Constitution, laws, customs, and traditions of the Ho-Chunk Nation, including cases in which the Ho-Chunk Nation, or its officials and employees, shall be a party.
Sec. 6. Powers of the Trial Court.
(a) The Trial Court shall have the power to make findings of fact and conclusions of *165 law. The Trial Court shall have the power to issue all remedies in law and in equity including injunctive and declaratory relief and all writs including attachment and mandamus.
Sec. 7. Powers of the Supreme Court.
(b) The Supreme Court shall have the power to establish written rules for the Judiciary, including qualifications to practice before the Ho-Chunk courts, provided such rules are consistent with the laws of the Ho-Chunk Nation.
(c) Any decision of the Supreme Court shall be final.
TRIBAL ENROLLMENT AND MEMBERSHIP CODE, 6 HCC § 7
5. Committee on Tribal Enrollment.
a.Committee Membership.
(I)Within the Department of Heritage Preservation, there will be Committee on Tribal Enrollment that will serve the Office of Tribal Enrollment in an advisory capacity and hear appeals in accordance with this Code.
g. Findings and Recommendations.
(3) Timeline for Findings and Recommendations. The Committee will issue written findings and recommendations to the parties within ten (10) Days of the hearing.
12. Appeals to Trial Court.
a. An appeal of the findings and recommendations of the Committee on Tribal Enrollment must be filed in the Trial Court within thirty (30) Days of the date of the findings and recommendations.
b. Scope of Judicial Review. Decisions of the Trial Court will be based upon a review of the record of the Committee on Tribal Enrollment’s proceedings, oral arguments, if any, and any written statements submitted. The Trial Court will not exercise de novo review of the Committee’s findings and recommendations and will give proper deference to the expertise of the Committee and to its determinations of credibility. The Trial Court will not substitute its discretion for discretion legally vested in the Committee. The Trial Court will strictly construe the provisions of this Code.
c.The Trial Court will determine whether the findings and recommendations of the Committee:
(1) contains irregularities of procedure;
(2) is arbitrary, capricious or unreasonable;
(3) is unsupported by Clear and Convincing Evidence upon the whole record; or
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 5. Notice of Service of Process.
(A) Definitions.
2. Summons—The official notice to the party informing him/her that he/she is identified as a party to an action or is being sued, that an Answer is due in twenty (20) calendar days {See HCN R. Civ. P. 6) and that a Default Judgment may be entered against them if they do not file an Answer in the prescribed time. It shall also include the name and location of the Court, the case number, and the names of the parties. The Summons shall be issued by the Clerk of Court and shall be served with a copy of the filed Complaint attached.
(C) Methods of Service of Process
1. Personal Service. The required papers are delivered to the party in person by the bailiff, or wrhen authorized by the Court, a law- enforcement officer from any jurisdiction, or any other person not a *166 party to the action who is eighteen (18) years of age or older and of suitable discretion.
Rule 60. Emergency Order, Temporary Restraining Order and Ex Parte Temporary Restraining Order.
(A) Emergency Order. The Court may enter an Emergency Order without a hearing if it appears from the Complaint, affidavits and sworn testimony that irreparable harm will result without the Order. The Order will expire in thirty (30) calendar days unless extended by the Court for good cause. A hearing on the matters contained in the Order will be held prior to its expiration. The removal of a child from its residence by the Department of Social Services or equivalent agency and the imminent destruction of records or property essential to the case are examples of matters that may require an Emergency Order.
(B) Temporary Restraining Order. When it appears from a party’s pleading that a party is entitled to judgment and any part thereof consists in restraining some act, the commission or continuance of which during the litigation would injure the party, or when during the litigation it shall appear that a party is doing or threatens or is about to do, or is procuring or suffering some act to be done in violation of the rights of another party and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act.
Rule 61. Appeals.
Any final Judgment or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgment or Trial Court Order must follow the HCN Rules of Appellate Procedure.
Rule 63. Judicial Review of Administrative Adjudication.
(A) Any person aggrieved by a final agency decision may request that the Ho-Chunk Nation Trial Court review such decision by filing a Petition for Administrative Review with the Court within thirty (30) calendar days of such decision, unless otherwise provided.
3. The following laws provide for filing within one hundred eighty (180) days:
a. TRIBAL ENROLLMENT AND MEMBERSHIP ACT
(E) Within thirty (30) calendar days of filing the Petition for Administrative Review, the petitioner shall file a written brief, an Initial Brief, unless the petitioner has sought an evidentiary modification pursuant to HCN R. Civ. P. 63(D)(l)(a-b). The respondent shall have thirty (30) calendar days after filing of the brief within which to file a Response Brief After filing of respondent’s Response Brief, the petitioner may file the Reply Brief within ten (10) calendar days.
FINDINGS OF FACT
1. The parties received proper notice of the Scheduling Order dated March 5, 2010; The Court heard Oral Arguments on June 9, 2010.
2. The petitioner, Jenna Littlegeorge, is currently a member of the Ho-Chunk Nation, Tribal ID #439A004089, and resides at 2034A Algoma Blvd., Apt. A, Oshkosh, WI 54901.
3. The respondent, Ho-Chunk Nation Enrollment Committee, is a division within the Ho-Chunk Nation Department of Heritage Preservation located on trust lands *167 at Ho-Chunk Nation Headquarters, W9814 Airport Road, P.O, Box 667, Black River Falls WI. See Dep’t of Heritage Pres. Establishment & Org. Act of 2001, § 6.5c.
4. The Tribal Enrollment Committee ordered the petitioner and her relatives to submit to DNA analysis in order to establish Ho-Chunk lineage. Order (Tribal Enrollment Comm., Jan. 28, 2010) at 1.
5. At the 2009 General Council, the Ho-Chunk Nation General Council rejected the motion to remove Jenna Littleg-eorge. Admin. Record at 6.
DECISION
The Constitution of the Ho-Chunk Nation (hereinafter Constitution) vests legislative powers in the HCN Legislature (hereinafter Legislature) as delegated by the General Council. Const., Art. IV, § 2. The Legislature has the power to make laws, including codes, ordinances, resolutions, and statutes. Id., Art. V, § 2(a), § 3. In this instance, the Constitution contains provisions that the Legislature enact a membership code, and the Legislature subsequently enacted the Tribal Enrollment and Membership Code. Id., Art. II,
§ 5, The Constitution indicates that “[a]ny person who has been rejected for enrollment or who has been removed from the Membership Roll shall have the right to appeal to the Judiciary for a remedy in equity consistent with this Constitution.” Id., Art. II, § 6 (emphasis added).[4]
The Constitution delineates the Trial Court as having “the power to issue all remedies in law and in equity including injunctive and declaratory relief and all writs including attachment and mandamus.” Id., Art. VII, § 6(a). An equitable remedy is one administered according to fairness as opposed to strictly formulated rules. Ronald Kent Kirkwood v. Francis Decorah et al., CV 04-33 (HCN Tr. Ct., Feb. 11, 2005) at 15. Equitable remedies are typically prospective in nature and involve the court coercing a party to perform or refrain from performing an action. Id.; Hope B. Smith v. Ho-Chunk Nation, SU 03-80 (HCN S.Ct., Dec. 8, 2003) at 11. The Tribal Enrollment and Membership Code allows the Court only two (2) options for review, to either sustain or remand. See supra note 4. The Tribal Enrollment and Membership Code encroaches upon the *168 Court’s ability to perform an appeal and grant appropriate or expansive relief.[5] Id.
The Tribal EnRollment and Membership Code creates a committee to conduct administrative adjudication by way of appeals.[6] Tribal Enrollment and Membership Code, 2 HCC § 7.8. Whether it is through adjudicatory rulemaking, informal rulemaking or legislative rulemaking, this presupposes that the Legislature has the constitutional authority to make enrollment decisions. The Legislature does not have that authority and cannot delegate any power that it does not retain; therefore, any informal, formal or legislative rulemaking made by a division or a subdivision of an Executive Department would not require any judicial deference. The powers of the Legislature are enumerated within the Constitution, and the ability to determine membership is not one of the enumerated powers of the Legislature. Const., Art. V, § 2. Nonetheless, the Court recognizes the legislative authority to enact a law governing membership to provide a mechanism to effectuate the constitutional membership provisions. Even so, the statutory limitation cannot supersede the constitutional grant of power to the Trial Court. The Trial Court has the authority to “issue all remedies in law and equity.” Const., Art. VII, § 6(a); see also id, Art. II, § 6 (establishing a “right to appeal to the Judiciary for a remedy in equity”). Because of this constitutional mandate, it cannot be an error for the Trial Court to exercise its remedial power.
The Supreme Court has previously ruled that the Court may review agency constitutional interpretations de novo. Willard Lonetree v. Larry Garvin, SU 07-04 (HCN S.Ct., Oct. 8, 2007) at 4. Supreme Court decisions “are binding on the Trial Court.” Jacob Lonetree et al. v. Robert Funmaker, Jr. et al., SU 00-16 (HCN Tr. Ct., Mar. 16, 2001) at 4 (citing CONST., Art. VII, § 7(c)). The Supreme Court earlier explained that “[sitare decisis is the policy of courts to stand by prior established precedent.” See HCN Election Bd. v. Robert Mudd, SU 97-05 (HCN S.Ct., Oct. 28, 1997) at 2. The Trial Court must observe binding precedent of the Supreme Court. Likewise, the Supreme Court has favored a plain language approach and interpretation to the constitution, statutes, and contracts. See, e.g., Chloris Lowe, Jr. et al. v. HCN Legislature Members et al, SU 00-17 (HCN S.Ct., Mar. 13, 2001) at 6; Marx Advert. Agency, Inc. v. Ho-Chunk Nation et al., SU 04-07 (HCN S.Ct., Apr. 4, 2004) at 11; Greg Littlejohn v. HCN Election Bd. et al., SU 03-07 (HCN S.Ct., July 11, 2003) (Butterfield, J. dissenting) at 5; George Lewis v. HCN Election Board et al, SU 06-07 (HCN S.Ct., Mar. 12, 2007) at 7.
The plain language of the Constitution indicates “[rjemoval of any person who is not eligible for membership from the Membership Roll shall be done in accordance with the Membership Code, provided, that such removal is approved by at least two-thirds (2/3) vote of the General Council.” Const., Art. II, § 5. The Constitution further states that “[a]ll actions of the General Council shall be binding.” Id., *169 Art. IV, § 3(f). By recognizing the foregoing, the Court recognizes the binding force of the General Council’s action and interprets the action as a political question best left to the assembled electorate of the Nation. Const., Art. II, § 5.
The Supreme Court has previously indicated that it is “mindful ... of the need to respect the checks and balances written in the ... Constitution.” Lewis, SU 06-07 at 7. The Supreme Court has also stated that the “HCN courts are extremely reluctant to interfere with the political decision of the General Council.” Jacob Lonetree et al. v. Robert Funmaker et al., SU 00-16 (HCN S.Ct., Mar. 16, 2004) at 8 (emphasis added). The Constitution reserved deci-sionmaking on this subject to a coordinate branch of government, and the Court feels that it is prudent to not interfere. Ms. Littlegeorge correctly argued that the “General Council is the final arbiter of questions like the issue before this Court-” Plaintiffs Br, (Apr. 6, 2010) at 3. Specifically, she argued that the General Council already took action in 2009, and ultimately decided to not remove Ms. Litt-legeorge from enrollment with the Ho-Chunk Nation. Admin. Record at 6. The Constitution does not expressly afford the Committee any right of appellate review of the General Council action, granting this right instead only to the affected member. Const., Art., II, § 6. The Office of Tribal Enrollment alleges that the Tribal Enrollment and Membership Code authorizes them to “rehear” disenrollment actions. Admin. Record at 7, However, the Constitution does not; as previously indicated, the General Council has the sole authority to decide membership.
BASED UPON THE FOREGOING, the Court shall not affirm the Committee’s Order, as the General Council’s action represents a binding political question. Therefore, the Court shall not comment upon the asserted defenses of res judicata, doctrine of laches, hearsay, or injunctive relief against the Committee or against the General Council.[7]
The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Rules of Appellate Procedure [hereinafter HCN R.App. P,\ specifically Rules of Appellate Procedure, Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the Supreme Court Clerk, a Notice of Appeal from such judgment or order, together with a filing fee as stated in the appendix or schedule of fees” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order *170 must follow the [ HCN R.App. P.]” HCN R. Civ. P. 61.
IT IS SO ORDERED this 8th day of September 2010, by the Ho-Chunk Nation Trial Court located in Black River Falls, WI within the sovereign lands of the Ho-Chunk Nation.

. The plaintiff cited HCN R. Civ. P. 60, which concerns emergency orders. The Court typically issues ex parte orders when dealing with juvenile protection, domestic abuse or housing matters, whereby the Court designates legal custodians. HCN R, Civ. P. 60(A) requires irreparable harm, and HCN R. Civ. P. 60(B) requires irreparable loss, and Rule 60(B) requires the four (4) prong test for injunctive relief within the initial pleading or an accompanying motion. The Court has adopted a four-part test for the purpose of evaluating requests for preliminary injunctions. A party must show that (1) they ha ve-no adequate remedy at law; (2) the threatened injury to the plaintiff outweighs the harm of issuing an injunction; (3) the plaintiff has a reasonable likelihood of success on the *163 merits; and (4) granting the injunction serves the public interest. See HCN Election Bd. v. Aurelia Lera Hopinkah, SU 98-08 at 8 (HCN S.Ct., Apr. 7, 1999); Coalition for Fair Gov't II v. Chloris Lowe, Jr., et al., CV 96-22 (HCN Tr. Ct., July 23 1996); Tracy Thundercloud v. HCN Election Bd., CV 95-16 (HCN Tr. Ct., Aug. 28, 1995); and Joyce Warner et al v. HCN Election Bd., CV 95-03-06, -09-10 (HCN Tr. Ct., July 3, 1995).

. The HCN R. Civ. P. indicate as follows: “laws providing] for filing within one hundred eighty (180) days: Tribal Enrollment and Membership Act." HCN R. Civ. P,, 63(A)(3)(a). The Tribal Enrollment and Membership Code was subsequently enacted on October 16, 2007, and it supersedes the Tribal Enrollment and Membership Act of 1995. The Tribal Enrollment and Membership Code currently provides a thirty (30) day timeframe for an individual to request a review of the "findings and recommendations" of the Committee. The HCN R. Civ. P. do not reflect such amendment. A discrepancy exists between the Tribal Enrollment and Membership Code and the HCN R. Civ. P. regarding deadlines. However, the Ho-Chunk Nation General Council delegated exclusive constitutional authority to the Ho-Chunk Nation Supreme Court “to establish written rules for the Judiciary.” Const., Art. VII, § 7(b); see also HCN Judiciary Establishment & Org. Act, 1 HCC § 1.5c; Bonnie Smith v. HCN Gaming Comm’n, SU 01-02 (HCN S.Ct., May 11, 2001) at 2. Pursuant to this delegation, the Supreme Court adopted the Ho-Chunk Nation Rules of Civil Procedure on May 11, 1996, which "govern the procedure of the Trial Court in all actions and proceedings.” HCN R. Civ. P. 1. Of particular relevance here, HCN R. Civ. P. 63 deals with judicial review of administrative adjudication, and establishes court imposed deadlines and procedures for the Judiciary. Furthermore, the Supreme Court issued an administrative rule, which indicates that the judges must enter written decisions within three (3) months after the parties present a matter for either interim or final opinion. In the Matter of Timely Issuance of Decisions, Admin. Rule 04-09-05(1) (HCN S.Ct., Apr. 9, 2005). The Tribal Enrollment and Membership Code attempts to require the Court to issue a judgment within sixty (60) days of the filing. Based upon HCN R. Civ. P. 63, Judicial Review of Administrative Adjudication, the briefing schedule oftentimes extends beyond sixty (60) days of the filing. Therefore, the Court, relying upon the Supreme Court's administrative rule, must enter a judgment on or prior to September 9, 2010. Admin, Rule 04-09-05(1).

. The petitioner neglected to cite to the appropriate rules Irom the HCN R. Civ. P , and again did not contain the four (4) prong test for injunctive relief within the initial pleading or an accompanying motion.

. The Tribal Enrollment and Membership Code attempts to restrict the Court's constitutionally granted authority to hear such appeals and grant remedies in equity. Specifically, the legislation states,
[i]n reviewing a finding and recommendation of the Committee, the Trial Court will have two (2) options. These two (2) options are to either sustain or remand the Committee's findings and recommendations. The Court may not reverse a Committee's findings and recommendations. The Trial Court will only remand the Committee's findings and recommendations if the Court determines that the Committee's findings and recommendations contain irregularities of procedures or are arbitrary, capricious, or unreasonable, or unsupported by Clear and Convincing Evidence upon the whole record or involve an abuse of discretion. Upon remand, the Committee will reconsider its findings and determinations in light of the Trial Court’s opinion and judgment.
Tribal Enrollment and Membership Code. 2 HCC § 7.12. A court of equity has traditionally had the power to fashion any remedy deemed necessary and appropriate to do justice in the particular case. The legislation inhibits the Court’s ability to review an appeal and grant appropriate or expansive relief. See, e.g., Bride v. Baker, 37 App. D.C 231, 236 (D.C.Cir.1911) ("Courts of equity are established to do justice in cases where an adequate remedy at law may not be had, and they should seek to do ultimate justice in all cases.”). The Court cannot practically employ its equitable powers if improperly constrained to afford the utmost deferential treatment to the Committee’s decision.

. The predecessor legislation did not contain any similar provisions. Tribal Enrollment and Membership Act op 1995, HCNL 015-85, § 12.

. The Constitution authorizes the Judiciary to hear appeals. Const., Art. II, § 6. Nonetheless, the Legislature also created a mechanism under the Tribal Enrollment and Membership Code for the Tribal Enrollment Committee within the Department of Heritage Preservation to hear appeals. Tribal Enrollment and Membership Code, 2 HCC § 7.5a(l) (forming a committee "that will serve the Office of Tribal Enrollment in an *169 advisory capacity and hear appeals in accordance with this Code”).

. Ms. Littlegeorge requested that the Court enjoin the General Council from any future removal proceedings. The Court declines to do so on the basis of ripeness. The principle of ripeness lies within the concept of justicia-bility, and essentially concerns the issue of timeliness. The Court should "refrain from determining a hypothetical cause of action since a concrete case or controversy would not exist.” Chloris Lowe, Jr. et al. v. HCN Legislature Members Elliot Garvin et al., CV 00-104 (HCN Tr. Ct., Nov. 3, 2000) at 11-12 (citing United Public Workers v. Mitchell, 330 U.S. 75, 89-90, 67 S.Ct. 556, 91 L.Ed. 754 (1947)). The General Council is not a party to this action, and the plaintiff has no knowledge as to when in the future the General Council may or may not act on a potential removal. Therefore, Ms. Littlegeorge failed to allege a ripe cause of action, and the Court shall not address the aforementioned injunction for a failure to present a justiciable case or controversy.